**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DAVID GUNNELLS, | § | No. |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FIRSTSOURCE FINANCIAL SOLUTIONS, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID GUNNELLS (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, FIRSTSOURCE FINANCIAL SOLUTIONS, LLC (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing at 814 Curtis Drive, Garland, Texas 75040.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is an alleged debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with a business office in Miami, Florida.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff on behalf of the original creditor, University of Phoenix, regarding account number ending in 8504, Defendant's account number 18422583.

12. Plaintiff's alleged debt owed to University of Phoenix arises from transactions for personal, family, and household purposes.

13. In March of 2011, Defendant began calling Plaintiff in an attempt to collect a debt owed to University of Phoenix.

14. In March of 2011, Plaintiff agreed to a one-time only payment of $150.00.

15. In March of 2011, Plaintiff gave Defendant Plaintiff's checking account information in order for Defendant to electronically transfer a one-time only payment of $150.00 from Plaintiff's checking account.

16. Although not authorized to do so, Defendant took a second electronic payment from

Plaintiff's checking account for $150.00 on or about May 2, 2011.

17. Although not authorized to do so, Defendant took a third electronic payment from Plaintiff's checking account for $150.00 on or about May 31, 2011.

18. Plaintiff did not receive written notice three to ten business days prior to Defendant electronically withdrawing money from Plaintiff's checking account on May 2, 2011, or on May 31, 2011.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692f* of the FDCPA by using unfair and unconscionable means to collect a debt because Defendant did not have permission to electronically withdraw $150.00 from Plaintiff's checking account on May 2, 2011, or on May 31, 2011.

    b. Defendant violated *§1692f(1)* of the FDCPA by collecting an amount that is not permitted by law.

    c. Defendant violated *§1692f(2)* of the FDCPA by accepting a postdated payment from Plaintiff and failing to notify Plaintiff in writing of Defendant's intent to withdraw the payment three to ten business days beforehand.

WHEREFORE, Plaintiff, DAVID GUNNELLS, respectfully requests judgment be entered against Defendant, FIRSTSOURCE FINANCIAL SOLUTIONS, LLC, for the following:

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DAVID GUNNELLS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.


By:_____/s/ Michael S. Agruss_____
       Michael S. Agruss (IL SBN: 6281600)
       Attorneys for Plaintiff
       Krohn & Moss, Ltd.
       10 N. Dearborn
       3rd floor
       Chicago, IL 60602
       Tel: 323-988-2400 x235
       Fax: 866-583-3695
       magruss@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, DAVID GUNNELLS, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DAVID GUNNELLS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_8/22/2011_  
Date

_David Gunnells_  
DAVID GUNNELLS